UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICTOF MICHIGAN

_____/

MARK HOLMES,

    Plaintiff,                      CASE NO. 2:25-cv-13035

v

PAMELA BONDI, in her official capacity as Attorney General of the United States; and,
DANIEL DRISCOLL, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives,

    Defendants.

_____/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

NOW COMES, Plaintiff Mark Holmes ("Plaintiff"), by and through undersigned counsel, states the following complaint against Defendants:

**Nature of the Action**

1. This is an action under 28 U.S.C. §§ 1331, 2201, and 2202, seeking declaratory and injunctive relief that 18 U.S.C. § 922(g)(1), as applied to Plaintiff, a person convicted 15 years ago of a nonviolent felony in Hawaii and who has since lived a law-abiding life, is unconstitutional under the Second and Fourteenth Amendments.

2. Plaintiff was denied the ability to purchase a firearm from a federally licensed firearms dealer in Michigan because of § 922(g)(1). He now faces an ongoing bar to firearm possession and ownership despite no evidence of dangerousness or violence.

## Jurisdiction and Venue

3. This Court has jurisdiction under 28 U.S.C. § 1331 because the claims arise under the Constitution and laws of the United States.

4. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201–2202.

5. Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because Plaintiff resides here, the events giving rise to this claim occurred here, and Defendants are officers of the United States acting in their official capacities.

## Parties

6. Plaintiff Mark Holmes is a U.S. citizen residing in the Eastern District of Michigan.

7. Defendant Pamela Bondi is the Attorney General of the United States, responsible for enforcing federal firearm laws.

8. Defendant Daniel Driscoll is the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the federal agency that administers and enforces firearm regulations.

9. Both are sued in their official capacities.

## Factual Allegations

10. In or about 2010, Plaintiff was convicted in the State of Hawaii of a nonviolent felony offense. (Specify statute and offense in amended pleading.)

11. Plaintiff served his sentence and has lived without incident since. He has no subsequent convictions, no record of violent behavior, and is a law-abiding, responsible citizen.

12. In 2024, Plaintiff attempted to purchase a firearm from a federally licensed firearms dealer in Michigan.

13. The dealer conducted a background check through the National Instant Criminal Background Check System (NICS).

14. Plaintiff's application was denied based on 18 U.S.C. § 922(g)(1).

15. Plaintiff is thereby categorically barred from exercising his Second Amendment right to keep and bear arms.

16. Plaintiff seeks a declaration that § 922(g)(1), as applied to him, violates the Second and Fourteenth Amendments.

## Claim for Relief

## Violation of the Second Amendment as Applied Unconstitutionality of 18 U.S.C. § 922(g)(1)

17. Plaintiff re-alleges the foregoing paragraphs.

18. The Second Amendment protects an individual's right to keep and bear arms. *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

19. Under *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), firearm regulations must be consistent with the Nation's historical tradition.

20. The federal felon-in-possession statute, § 922(g)(1), as applied to Plaintiff, lacks sufficient historical analogue.

21. Plaintiff's nonviolent conviction, which occurred over 15 years ago, does not place him within a historically recognized category of persons who could be disarmed.

22. In *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc), the court held that § 922(g)(1) was unconstitutional as applied to a nonviolent offender.

23. As applied to Plaintiff, § 922(g)(1) violates the Second and Fourteenth Amendments.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to Plaintiff;

B. Enjoin Defendants from enforcing § 922(g)(1) against Plaintiff;

C. Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable law;

D. Grant such other and further relief as the Court deems just and proper.

## Demand for Jury Trial

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

By: /s/Barton W. Morris, Jr.
Barton W. Morris, Jr. (P54701)
The Law Offices of Barton Morris
Attorney for Plaintiff
801 W. Big Beaver Rd., Suite 600
Troy, MI 48084
(248) 541-2600

Dated: September 24, 2025

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

**AFFIDAVIT OF MARK HOLMES**

I, Mark Gibson Holmes, Sr., being duly sworn, depose and state as follows:

1. My name is Mark Gibson Holmes, Sr. I am over 18 years of age and competent to testify to these matters. I reside in Southfield, Michigan.
2. In 1992, I was convicted in the State of Hawaii of three counts of Theft in the Second Degree and one count of Theft in the Third Degree. These were nonviolent property offenses.
3. On October 7, 2014, I received an official **pardon** from Governor Neil Abercrombie of Hawaii. The pardon restored my rights for all purposes **except that it did not include the authority to apply for, receive, possess, or transport a firearm**.
4. Since that time, I have lived a law-abiding life and have not been convicted or committed any further crimes.
5. In August of 2025, I went to a federally licensed firearms dealer in Michigan to lawfully purchase a firearm for self-defense and sporting purposes.
6. As part of the transaction, I was required to complete ATF Form 4473. On that form, I was required to disclose my prior felony conviction, and I truthfully checked "Yes."
7. Because of that disclosure and the underlying prohibition in 18 U.S.C. § 922(g)(1), my firearm purchase was denied.
8. I remain unable to lawfully purchase or possess a firearm, despite my pardon, the nonviolent nature of my convictions, and the passage of over thirty years since those convictions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12th day of September 2025, at Troy, Michigan.

*[Signature]*

**Mark Gibson Holmes, Sr., Affiant**

*[Notary signature: Isabella Ubaydi]*

Isabella Ubaydi
Notary Public State of Michigan
Oakland County
My Commission Expires 8/10/2029
Acting in the County of Oakland